UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH HARRIS, et al.,

      Plaintiffs,                          Case No. 16-cv-13985
                                              Hon. Matthew F. Leitman

v.

BUREAU OF COMMUNITY AND
HEALTH SYSTEMS, ET AL,

      Defendants.

_____/

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2), AND (2) REQUIRING PLAINTIFFS TO SUBMIT A MORE DEFINITE STATEMENT

On November 10, 2016, Plaintiffs Ralph Harris and Theresa Burnett-Harris (the "Plaintiffs") filed this action against the Michigan Bureau of Community and Health Systems (BCHS), Larry Horvath, and Emilee C. Smith (the "Defendants"). (*See* Compl., ECF #1.) Horvath is the Director of BCHS, and Smith is a surveyor in the Long Term Care Division of BCHS. (*Id.* at 2-3.) Plaintiff Ralph Harris ("Harris") is a resident of Beaconshire Nursing Center. (*Id.*)

In their Complaint, Plaintiffs allege that Harris was "denied procedural due process" when Smith "did not by required procedure investigate the reported neglect of Ralph Harris" that allegedly occurred between July 03, 2015 and July 18, 2015. (*Id.* at 5-6.) Plaintiffs also allege that Smith "falsified a memorandum dated

December 30, 2015 that she processed into the IT system 162 days after her investigation of the Complaint on Beaconshire." (*Id*.)  Plaintiffs claim that Smith violated a CMS regulation that requires investigation results to be entered into the system within ten days of the investigation.[1] (*Id*.)  Finally, Plaintiffs allege that while under oath, Smith falsely authenticated the allegedly fraudulent memorandum during Plaintiffs' state administrative hearing. (*Id*.)

Plaintiffs have filed an application to proceed in this action without the prepayment of fees or costs (the "Application").  (*See* ECF #2.)  Plaintiffs have also filed a motion for court appointed attorney (the "Motion for Appointed Counsel"). (*See* ECF #4.)  For the reasons stated below the Court: (1) **GRANTS** the Application; (2) **ORDERS** Plaintiffs to submit a more definite statement of their claims and allegations in this action by January 16, 2017; and (3) **DENIES** the Motion for Appointed Counsel.

# I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1).  That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...."  *Id.*

---

[1] Plaintiffs do not cite a specific regulation in support of this claim.

In the Application, Plaintiffs state that they have a total of $50 in savings. (ECF #2 at 2, Pg. ID 12.)  Their sole sources of monthly income are $447 in Social Security benefits and $473 in supplemental social security income due to Harris' disability. (*Id.* at 1, Pg. ID 11.)  Plaintiffs own two major assets: a 2001 Ford Focus with a value of approximately $1000 and a home with a market value of $65,000. (*Id.* at 2, Pg. ID 12.)  Plaintiffs face total monthly expenses of $614.59. (*Id.*)  The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Plaintiffs.  The Court therefore grants the Application and permits them to file their Complaint without prepaying the filing fee.

## II

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The Court must liberally construe documents filed by a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court has reviewed the Complaint and concludes that it needs more information to properly evaluate Plaintiffs' claims under 28 U.S.C. § 1915(e)(2). Accordingly, the Court orders Plaintiffs to submit a more definite statement of their

claims and the allegations in support of their claims.  In the more definite statement Plaintiffs shall:

(1) State whether they are bringing claims under 42 U.S.C. § 1983 for the deprivation of rights, privileges or immunities secured by the Constitution;

(2) State the specific constitutional rights that they were deprived of by Defendants' actions or inaction.  Specifically, Plaintiffs shall identify whether they were deprived of a right, privilege, or immunity guaranteed by the Due Process Clause of the 14th Amendment.  If so, Plaintiffs shall state the specific property or liberty interest that they were allegedly deprived.

(3) Describe in detail how Defendants' actions deprived Plaintiffs of their liberty or property interests.

(4) State whether they are suing Defendants Horvath and Smith in their individual capacities.

Plaintiffs shall label their response to this order "Plaintiff's More Definite Statement" and submit their response by January 16, 2017.  The Clerk will not issue summons until Plaintiffs' supplemental response is evaluated by the Court. Failure to comply as directed may result in the dismissal of this action.

       **IT IS SO ORDERED**.

                            s/Matthew F. Leitman
                            MATTHEW F. LEITMAN
                            UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113